Thomas J. Donaldson
Nevada Bar No. 5283
Sue S. Matuska
Nevada Bar No. 6051
Dyer Lawrence, LLP
2805 Mountain Street
Carson City, Nevada 89703
Phone: (775) 885-1896
Facsimile: (775) 885-8728
tdonaldson@dyerlawrence.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR YOHEY, CHRIS TILLISCH, individually and on behalf of themselves and all other similarly situated,<br><br>　　　　Plaintiffs<br><br>v.<br><br>STOREY COUNTY FIRE PROTECTION DISTRICT,<br><br>　　　　Defendant | CASE NO.: |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

COME NOW Plaintiffs, by and through their counsel, and respectfully submit their complaint against Defendant Storey County Fire Protection District and state as follows:

### PARTIES

1.　Plaintiffs are current and/or former employees of Defendant Storey County Fire Protection District ("Defendant"). At all times material herein, Defendant has employed the Plaintiffs as fire protection personnel.

2.　Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against the Defendant on behalf of themselves and all

others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation. Plaintiffs seek declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

3. At all times material herein, Plaintiffs and all others similarly situated have been "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

4. Plaintiffs have given written consent to be party-plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Collective Action Complaint as Exhibit A.

5. Defendant is a political subdivision of the State of Nevada, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant employs or employed Plaintiffs and all others similarly situated and is located within the State of Nevada. Defendant has a principal office and place of business located at 145 North C Street, Virginia City, Nevada 89440.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, this action being brought under the FLSA and specifically pursuant to 29 U.S.C. § 216(b).

7. Venue is proper under 28 U.S.C. § 1391 because Defendant operates in this judicial district, and within its unofficial Northern Division, and the events or omissions giving rise to the claims stated herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 7 of this Complaint.

9. Since June 30, 2015, as well as before, Plaintiffs and all others similarly situated have worked for the Defendant as firefighters, paramedics, emergency medical technicians, rescue workers or ambulance personnel.

10. Since June 30, 2015, and continuing to date, while working for Defendant, Plaintiffs' and all others' similarly situated primary job duties have been, and remain, to protect and serve the public by engaging in fire suppression, emergency response and related non-exempt activities.

While on the scene of fire calls, the Plaintiffs and all others similarly situated, with their crew, engage in the control, suppression, and extinguishment of fires and the rescue of fire or accident victims, including the transport of victims to hospital, as necessary. Plaintiffs and all others similarly situated also respond to emergency medical calls and transport patients to hospital, as necessary.

11.     While working as firefighters, paramedics, emergency medical technicians, rescue workers and ambulance personnel, Plaintiffs, as well as others similarly situated, are assigned to work, and in fact do work, a regular and recurrent schedule of forty-eight (48) hours on-duty, followed by ninety-six (96) hours off-duty. As a result, Plaintiffs and all others similarly situated are suffered or permitted to perform at least forty-eight (48) or seventy-two (72) hours of regularly scheduled work each week. Furthermore, this schedule results in Defendant suffering or permitting Plaintiffs and all others similarly situated to perform at least one hundred and twenty (120) hours of regularly scheduled work in two (2) of every three (3) fourteen (14)-day periods. In addition, Plaintiffs and all others similarly situated works extra shifts, outside of their regular schedule. Plaintiffs and all others similarly situated are therefore regularly assigned to work, and do work, in excess of forty (40) hours per week, as well as in excess of fifty-three (53) hours per week, in excess of one hundred and six (106) hours in a fourteen (14)-day period, and in excess of two hundred and twelve (212) hours in a twenty-eight (28) day period.

12.     Defendant, at all times material herein, misclassifies Plaintiffs and all others similarly situated as "exempt" employees and unlawfully fails to pay any overtime premiums for overtime work. Instead, Defendant pays Plaintiffs and all others similarly situated a static biweekly wage and, for unscheduled shifts outside Plaintiffs' and all others' similarly situated regular schedule, a straight hourly rate.

13.     Defendant, at all times material herein, has failed to pay Plaintiffs and all others similarly situated overtime premium pay at the rate of one and one-half times his/her regular rate of pay when it suffers or permits them to work in excess of forty (40) hours in a week, in excess of fifty-three (53) hours in a week, in excess of one hundred and six (106) hours in a fourteen (14)-day period, or in excess of two hundred and twelve (212) hours in a twenty-eight (28) day period.

///

Dyer Lawrence, LLP
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

14. Defendant, at all times material herein, has known and should have known that uncompensated overtime work was being performed by Plaintiffs and all others similarly situated, because of, for example, Defendant established policies and procedures, work schedules, and observations of Plaintiffs and all others similarly situated. Therefore, Defendant's actions in refusing to provide Plaintiffs and all others similarly situated the rights and protections provided under the FLSA are willful in that Defendant knew its pay practices with respect to its firefighters, paramedics, emergency medical technicians, rescue workers and ambulance personnel was prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I

### VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARD ACT

15. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 14 of this Complaint.

16. During the times that Plaintiffs and all others similarly situated have worked in excess of forty (40) hours in a work week, Defendant failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

17. By failing to pay the Plaintiffs and all others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and all others similarly situated have been unlawfully deprived of overtime compensation and other relief.

18. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs, and all others similarly situated, an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under the duty imposed under the FLSA, 29 U.S.C. § 211(c), and

///

- 4 -

various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and all others similarly situated from which the amount of Defendant's liability can be ascertained.

19. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

20. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF SECTION 207(k) OF THE FAIR LABOR STANDARDS ACT

21. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 20 of this Complaint.

22. Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), (29 C.F.R. § 553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of fifty-three (53) hours in a seven (7)-day work period, in excess of one hundred and six (106) hours in a fourteen (14)-day work period, or in excess of two hundred and twelve (212) hours in a maximum twenty-eight (28)-day work period (or in excess of a proportionate number of hours for work periods between seven (7) and twenty-eight (28) days)).

23. During the times that Plaintiffs and all others similarly situated have worked in excess of fifty-three (53) hours per work week, one hundred and six (106) hours per fourteen (14)-day period, and two hundred and twelve (212) hours per twenty-eight (28)-day period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.

24. By failing to pay the Plaintiffs and all others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material

Dyer Lawrence, LLP
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

herein, Plaintiffs and all others similarly situated have been unlawfully deprived of overtime compensation and other relief.

25. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and all others similarly situated from which the amount of Defendant's liability can be ascertained.

26. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

27. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated pray that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived the Plaintiff and all others similarly situated of his/her rights;

(b) Order a complete and accurate accounting of all unpaid compensation to which the Plaintiffs and all others similarly situated are entitled;

(c) Award Plaintiffs and all others similarly situated compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d) Award Plaintiffs and all others similarly situated interest on their unpaid compensation;

(e) Award Plaintiffs and all others similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

DATED this 16th day of January, 2020.

DYER LAWRENCE, LLP

By: _____
Thomas J. Donaldson
Nevada Bar No. 5283
Sue S. Matuska
Nevada Bar No. 6051

Attorneys for Plaintiffs

# EXHIBIT "A"

# EXHIBIT "A"

## CONSENT TO SUE

## REQUEST TO BECOME PARTY-PLAINTIFF

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with Storey County, Nevada, as a fire protection personnel employee, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

<u>Victor Yohey</u>
Print Name Clearly

<u>[signature]</u>
Signature

## CONSENT TO SUE
## REQUEST TO BECOME PARTY-PLAINTIFF

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with Storey County, Nevada, as a fire protection personnel employee, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

Chris Tillisch
Print Name Clearly

*(signature)*
Signature